# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN McCUAN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | )   CIVIL NO. 06-706-DRH |
| | ) |
| ALBERTO GONZALES and | ) |
| J.E. GUNJA., | ) |
| | ) |
| Respondents. | ) |
| | ) |

## MEMORANDUM AND ORDER

**Herndon, Chief District Judge:**

This matter is before the Court on the petition of John McCuan for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2243.

### BACKGROUND

Petitioner is charged with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). *See United States v. McCuan*, Case No. 04-CR-40049-DRH (S.D. Il.). Petitioner is currently confined at the Federal Medical Center located in Springfield, Missouri (FMC-Springfield) pursuant to an Order issued by this Court in Petitioner's criminal case finding that Petitioner is "currently not mentally competent to stand trial, as he is currently suffering from a mental disease, which renders him unable to truly understand the nature and consequences of the proceedings against him and to assist properly in his defense." *Id*. Petitioner is committed to the custody of the Attorney General who is directed to hospitalize Petitioner in a suitable facility. Hospitalization was deemed necessary so that Petitioner could receive the appropriate anti-psychotic medications in order to determine whether the medications will allow Petitioner to be declared competent to stand

trial. The Court has directed that it receive periodic status reports concerning Petitioner's condition. As of the date of this Memorandum and Order, the status reports indicate that Petitioner is still not competent to stand trial.

On March 26, 2007, Petitioner filed a notice of appeal concerning this Court's order committing him to the custody of the Attorney General. In his notice of appeal, Petitioner asserts that he is being subjected to cruel and unusual punishment; that he received ineffective assistance of counsel; that his speedy trial rights have been violated; that he has been denied adequate access to the courts; that he was coerced into taking "dangerous medications"; that the Court was unduly prejudiced against him by the language contained in a report; and that the Court has conducted hearings where he has not been present. *Id.*; *see also United States v. McCuan*, No. 07-1711 (7th Cir.).

In these related proceedings, petitioner is represented by appointed counsel.

DISCUSSION

At the outset, the Court notes the unusual circumstances of this case. First, there is an ongoing criminal case which is directly related to this habeas corpus action. Second, neither Petitioner nor his immediate custodian, the Warden at FMC- Springfield, are present in the Southern District of Illinois. Thus, this Court can entertain this action only if the Warden at FMC-Springfield consents. *See Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004). Third, the Court has found that Petitioner is mentally incompetent to stand trial and unable to assist his trial counsel, yet Petitioner is proceeding *pro se* in this action. Petitioner's mental condition in the related criminal case raises concerns as to Petitioner's competency to prosecute this action on his own without a guardian *ad litem* or without a next friend. *See* Fed. R. Civ. P. 17(c). Finally, plaintiff has both an interlocutory

2

appeal and this collateral habeas corpus action currently pending in the federal courts. These two actions assert similar (if not identical) challenges to Petitioner's confinement at FMC-Springfield.

It is on this last point the Court will focus. Although § 2241 does not contain an express exhaustion requirement, the Seventh Circuit has nevertheless found exhaustion to be a prerequisite to maintaining a § 2241 action. *Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) (noting that a common-law exhaustion applies to § 2241 actions) . In general, the exhaustion requirement preserves comity between state and federal courts. Specifically, state courts should be allowed the first opportunity to correct any constitutional errors in state court proceedings. Comity is not an issue here because both Petitioner's interlocutory appeal and this habeas action are pending in federal courts. Comity, however, is not the only reason for the exhaustion requirement. It is well-established, for example, that absent extraordinary circumstances, a federal district court should not entertain a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 while a direct appeal of the challenged conviction or sentence is pending before a federal circuit court. *United States v. Robinson*, 8 F.3d 398, 405 (7th Cir. 1993); *United States v. Davis*, 604 F.2d 474, 484-85 (7th Cir. 1979). The rationale for the rule is that the disposition of the appeal may render the § 2255 action moot. *Robinson*, 8 F.3d at 405.

The same rationale applies to this case. The disposition of Petitioner's interlocutory appeal may render the instant § 2241 action moot. Therefore, absent extraordinary circumstances, this Court should not entertain Petitioner's § 2241 habeas petition until after the Seventh Circuit has disposed of Petitioner's interlocutory appeal in the related criminal case. In determining whether "extraordinary circumstances" exist, the Court should consider the need for speedy relief against the need for the conservation of judicial resources. *Id*. Even though petitioner may desire a speedy

resolution of this habeas action, the unusual circumstances of this case, noted above, create several challenges that impede a speedy resolution of this habeas action including, but not limited to, finding and appointing a guardian *ad litem* or next friend to prosecute this action for Petitioner and the possibility that the Warden at FMC-Springfield may not consent to this habeas action being decided in this venue necessitating transfer to another district.  Against this backdrop, Petitioner's interlocutory appeal is being prosecuted by counsel and appears to be proceeding in due course before the Seventh Circuit.  On balance, no extraordinary circumstances exist that would justify this Court in entertaining the instant habeas action prior to the resolution of Petitioner's interlocutory appeal.

**DISPOSITION**

**IT IS HEREBY ORDERED** that John McCuan's petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2241 is **DISMISSED**  without prejudice.

**IT IS SO ORDERED.**

**DATED: October 4, 2007**

/s/     DavidRHerndon
**DISTRICT JUDGE**